USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1283 ANGEL M. DIAZ-ZAYAS, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Paul Ramos Morales on brief for appellant. __________________ Guillermo Gil, United States Attorney, Charles E. Fitzwilliam, ______________ _______________________ Assistant United States Attorney, and Donna McCarthy, Assistant _______________ Regional Counsel, Social Security Administration, on brief for appellee. ____________________ December 3, 1996 ____________________ Per Curiam. Claimant-appellant Angel M. Diaz-Zayas __________ appeals from a decision of the district court affirming the decision of the Secretary of Health and Human Services denying him social security disability benefits. We affirm. Appellant applied for disability insurance benefits alleging disability since November 15, 1979 due to nerves, a heart condition, and sinusitis. After a hearing, an Administrative Law Judge (ALJ) concluded that prior to the expiration of his coverage--on March 31, 1983--appellant had preventricular contractions, sinusal tachycardia, chronic anxiety disorder, and Ativan dependence. These conditions, the ALJ found, were severe but not equal to a listing. The ALJ also found that appellant possibly had occasional discomfort associated to these conditions, but that he did not have disabling physical or mental distress for a continuous period of twelve months. Based on these findings, and a finding that appellant could perform light work, the ALJ concluded that appellant was not disabled prior to the expiration of his coverage because he could have performed his former jobs as a machine operator or production helper. Appellant does not argue that the ALJ erred in finding that he has the capacity for light work. Instead, he argues that the ALJ erred in his findings regarding appellant's mental condition. We review the Secretary's decision under a "substantial evidence" standard; we will affirm that decision if it is supported by "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, __________ _______ 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. _______________________ ____ 197, 229 (1938)); see also Manso-Pizarro v. Secretary of _________ _____________ _____________ Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996).  _____________________ Contrary to appellant's suggestion, the ALJ was not required to accept the opinion of Dr. Garcia Saliva that appellant's mental condition disabled him from working. Assuming solely for the sake of argument that Dr. Garcia, who saw appellant on only one occasion, could be considered a treating physician, we note that there was conflicting evidence from other treating sources regarding appellant's ability to work. Indeed, appellant's therapists at the Mental Health Center encouraged him, on more than one occasion, to look for a job. In any event, the determination of disability is reserved to the Secretary. See 20 C.F.R.  ___ 404.1527(e). We think the ALJ adequately explained his reasons for finding that appellant's mental condition did not preclude him from performing his past jobs as a machine operator or production assistant.1 1  ____________________ 1We add that it is not obvious that Dr. Garcia's opinion 1 is inconsistent with this finding. Dr. Garcia opined that appellant was disabled from performing his "usual work." Read in context, "usual work" appears to refer to appellant's past job as a service station attendant (the only job Dr. Garcia mentions). Dr. Garcia did not specifically address whether appellant was able to work as a machine operator or -3- Similarly, the ALJ was not required to accept the diagnoses of schizophrenia made by Dr. Carlos J. Nogueras and Dr. Luis Lozada Rivera, or the more specific findings made by Dr. Lozada regarding appellant's mental impairment. These diagnoses and findings were made in 1992, approximately nine years after appellant's insurance coverage expired. Cf. ___ Deblois v. Secretary of Health & Human Servs., 686 F.2d 76, _______ ___________________________________ 79 (1st Cir. 1982) (observing that a claimant has the burden of establishing that his mental impairment was of a disabling level of severity prior to the expiration of his coverage). There is ample evidence in the record from both treating and non-treating sources to support the ALJ's finding that appellant suffered from an anxiety disorder--rather than schizophrenia--during the critical period. Moreover, the only mental residual functional capacity assessments in the record which focus on the critical period support the ALJ's finding of no disability. Affirmed. ________  ____________________ production helper.  -4-